Dear Judge Broussard:
You have requested an opinion of this office regarding whether the day of service of a rule to show cause for an eviction proceeding is counted when calculating the delays for the trial of the rule pursuant to Louisiana Code of Civil Procedure article 4732. For the reasons that follow, we are of the opinion that the date of service is not counted when computing the Article 4732 delays for a trial of an eviction proceeding.
The delay for the trial of a rule for an eviction is three days after service of the rule on the tenant:
 Art. 4732. Trial of rule; judgment of eviction
 A. The court shall make the rule returnable not earlier than the third day after service thereof, at which time the court shall try the rule and hear any defense which is made.
La.C.C.P. art. 4732(A). The use of the word "after" in the phrase "third day after service thereof" suggests that the day of service is not included in the computation of the time delay. HousingAuthority of the Town of Lake Arthur v. T. Miller Sons,239 La. 966, 120 So.2d 494 (La. 1960). *Page 2 
Furthermore, Article 5059 of the Code of Civil Procedure is instructive on this issue:
 Art. 5059. Computation of time
 In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
 A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
 (1) It is expressly excluded;
 (2) It would otherwise be the last day of the period; or
 (3) The period is less than seven days.
La.C.C.P. art. 5059.
Accordingly, when a statute specifies a time period to begin "after" a certain event, the date of that event is not included in the time computation. La.C.C.P. art. 5059. As noted above, the time period for the trial of an eviction begins "after service" of the rule for eviction, so under Article 5059 the date of service of the rule should not be counted. Thus we conclude that for purposes of Article 4732 of the Code of Civil Procedure, the date of service of a rule for eviction is not counted in the computation of the time period for the trial of the rule.
We note that the second sentence of Article 5059 further specifies that "[t]he last day of the period is to be included. . . ." La.C.C.P. art. 5059. Because the third day after service of a rule for eviction is included in the computation, the trial may be held on that third day. Therefore, the example set forth in your opinion request letter is correct: if a rule for eviction is served on Monday, August 10, 2009, then the trial on that rule can be held on Thursday, August 13, 2009 at the earliest.[1] *Page 3 
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC:CWB:Irs
[1] It is worth noting that if the third day falls a weekend or a legal holiday, then the trial is pushed back to the next day that is not a legal holiday. La.C.C.P. art. 5059. We also note that under Article 5059, weekends and legal holidays cannot be included in the time computation since the time period is less than seven days.Id. The trial of a rule served on Friday, August 14, 2009 could therefore be held at the earliest on Wednesday, August 19, 2009.